UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>ROBERT LEE MARSHALL,<br>    Defendant. | CRIMINAL NO. 5:18-122-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant Robert Lee Marshall's motion (DE 13) to revoke his detention order. For the following reasons, the Court will deny the motion.

Marshall is charged with possessing with intent to distribute 100 grams or more of heroin; possessing various firearms, including a semi-automatic handgun, in furtherance of the drug trafficking crime; and possessing a stolen firearm.

The government moved that he be detained pending trial. Pursuant to 18 U.S.C. § 3142(e)(1), a defendant must be detained pending trial if, after a hearing, a judicial officer finds that no condition or combination of conditions will reasonably assure his appearance and public safety. Pursuant to 18 U.S.C. § 3142(e)(3), for any defendant charged with the crimes at issue here, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance or the public safety. Marshall conceded at the detention hearing that the presumption applies in this case.

Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk of flight and danger to the community remains with the government. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

The defendant's burden of production is "not heavy," but he must produce some evidence that he does not pose a danger to the community or risk of flight. *Id*. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain. *Id*.

The magistrate judge conducted a detention hearing and determined at the conclusion of the hearing that Marshall had not rebutted the presumption regarding his danger to the community. Accordingly, the magistrate ordered Marshall detained pending trial. (DE 12, Detention Order.)

The Court will conduct a *de novo* review of the magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b). The statute does not specifically require that this Court conduct an additional hearing. In his motion, Marshall does not request a hearing and he does not rely on or explain any additional evidence that he would proffer in support of the motion. Accordingly, a second detention hearing is not necessary. *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir.1987); *United States v. Jones*, No. 12:CR-105, 2012 WL 6737784, at * 1, n.1 (D. Conn. 2012); *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001);*United States v. Alonso*, 832 F.Supp. 503, 504 (D. Puerto Rico 1993); *United States v. Bergner*, 800 F. Supp. 659, 661 (N.D.Ind.1992).

In resolving this motion, the Court will rely on the audio recording of the detention hearing, the pretrial report prepared by the United States Probation Office, and Marshall's motion to revoke the detention order. The United States has not filed a response to the motion.

At the hearing, Marshall presented four witnesses, all of whom are related to Samantha Buenrostro, the mother of Marshall's son: Angelica Larkey and Laura Chavez (Samantha's sisters), Alexa Chavez (Samantha's niece), and Victoria Buenrostro-Rodriguez (Samantha's

mother). All four testified that they have known Marshall for about two years. Larkey testified that Marshall and Samantha were arrested on related state-court charges. Victoria testified that she and her husband posted the home they own in Lexington to satisfy Marshall's state-court bond. These witnesses testified that Marshall found employment in housekeeping at the University of Kentucky after being released by the state court and that he kept that employment until he was taken into custody on these federal charges. The government stipulated that Marshall turned himself in upon learning of indictment in this action. Samantha's family testified that Marshall posed no risk of flight or public danger. Laura testified that her father has cancer and recently had a stroke, and that Marshall helps take care of him.

The witnesses testified that, since his federal arrest, Marshall has lived with Samantha, their five-month old child, and Samantha's parents in the home owned by Samantha's parents. Additionally, each of the witnesses testified that Marshall was not a danger to the community and would comply with any conditions of release imposed upon him.

The Court agrees with the magistrate judge that this evidence does not rebut the presumption that no condition or combination of conditions will reasonably assure the public safety if Marshall were to be released. Samantha's family has known Marshall a relatively short amount of time, and they testified they were unaware that he had heroin or firearms in the apartment he resided in with Samantha and their five-month old child at the time of the search. Thus, their testimony regarding his danger to the community is not helpful.

Further, even if the evidence did rebut the presumption regarding the public safety, he still must be detained. Where the presumption does not apply, detention is appropriate if the government proves by a preponderance of the evidence that the defendant is a flight

risk or if it proves by clear and convincing evidence that the defendant poses a danger to the public or any person. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). In making this determination, the court is to consider "the available information" on the following factors:

> 1) the nature and circumstances of the offense, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> 2) the weight of the evidence against the person, meaning "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt," *Stone*, 608 F.3d at 948;
>
> 3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole; and
>
> 4) and the nature and seriousness of the danger to any person or the community posed by the person's release.

18 U.S.C. § 3142(g).

Marshall is charged with serious offenses for which he could face a significant prison term. The mandatory minimum term for Count 1 is at least five years, and he would face another five years if he is convicted on Count 2. The offenses involve the distribution of a dangerous drug and the possession of multiple firearms with ammunition.

Special Agent Jared Curtsinger testified that officers found about 93 grams of heroin worth about $10,000 during a search of Marshall's apartment, along with seven firearms with ammunition, and about $25,000 in cash. Marshall disclosed to the officers that he had hidden an additional approximate three grams of heroin in his anus. Curtsinger testified that Marshall admitted that he sold heroin and had received firearms in exchange for

4

heroin. This is strong evidence that was Marshall was intricately involved in a large-scale and dangerous drug operation, and that he would pose a danger to the community if released.

Marshall has ties to Lexington. Samantha's family and his five-month old child live here. Marshall himself has lived here for 1.5 to 2 years. Nevertheless, he has stronger ties to Michigan. He was born in Detroit and has two siblings there. He lived in Jackson, Michigan from 2008 until approximately 2016. He has three children (ages 5, 3, and 2) who reside in Jackson with their mothers. There is no indication he has ever been employed in Lexington other than the job he held for about a month at the University of Kentucky. The only other jobs he has held were in Jackson, Michigan. He owns no property or assets in Lexington.

Considering in its totality, this is clear and convincing that no conditions could reasonably assure the community's safety if Marshall were released, and there is a preponderance of the evidence that no conditions could assure Marshall's appearance if he were released. This conclusion is consistent with the conclusions of the United States Probation Office.

Accordingly, the Court hereby ORDERS that Marshall's motion to revoke the magistrate judge's detention order (DE 13) is DENIED.

Dated November 5, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY