UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. |
| | ) | 5:18-cr-00122-KKC-MAS-1 |
| v. | ) | and |
| | ) | Civil Action No. |
| ROBERT LEE MARSHALL, | ) | 5:21-cv-00072-KKC-MAS |
| | ) | |
| Defendant/Movant. | ) | REPORT & RECOMMENDATION |
| | ) | |

Defendant/Movant Robert Lee Marshall ("Marshal") filed a motion to vacate, alter, or amend his sentence under 18 U.S.C. § 2255. [DE 55]. Judge Caldwell referred the motion to the undersigned for a report and recommendation. Perceiving the motion as likely time-barred, the Court ordered briefing limited to the issue of timeliness and/or equitable tolling, as applicable. [DE 57]. Both Marshall and the Government responded. [DE 58, 59]. Because Marshall's motion is untimely and equitable tolling does not apply on this record, the Court recommends dismissal of the pending § 2255 motion.

**I.    RELEVANT FACTUAL BACKGROUND**

On September 6, 2018, the grand jury indicted Marshall for possessing with intent to distribute 100 or more grams of a heroin mixture in violation of 21 U.S.C. § 841(a)(1), possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possessing a stolen firearm in violation of 18 U.S.C. § 922(j). [DE 1]. On May 6, 2019, Marshall pleaded guilty to possession with intent to distribute an unspecified quantity of heroin and possession of a firearm in furtherance of that drug trafficking offense. [DE 27]. Judge Caldwell sentenced Marshall to a total of 102 months' imprisonment and entered the Judgment in this matter

1

on September 13, 2019. [DE 37]. Marshall did not file a direct appeal. He filed the instant § 2255 motion on March 11, 2021, generally alleging that his trial counsel was ineffective. [DE 55].[1]

## II. ANALYSIS

Section 2255 provides in relevant part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The record here does not support the applicability of the second through fourth circumstances. The limitation period in this case thus began to run on the date Marshall's Judgment became final, per § 2255(f)(1). Because Marshall did not appeal, his Judgment became final fourteen days after its entry—on September 27, 2019. Fed. R. App. P. 4(b)(1)(A); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Marshall then had until September 27, 2020,[2] to file a timely § 2255 motion. Marshall's § 2255 motion filed on March 11, 2021, missed the deadline by a total of 165 days and appears time-barred.

---

[1] The Court applies the prison mailbox rule to Marshall's filing. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (per curiam). Though Marshall did not certify that he placed the motion in the prison mailing system on any particular date—in part due to his failure to utilize the correct § 2255 motion form—the postmark date confirms that Marshall sent it, at latest, by March 11, 2021. [DE 55-1].

[2] Because September 27, 2020 actually fell on a Sunday, Marshall likely could have filed a timely § 2255 motion as late as Monday, September 28, 2020. *See* LR 6.2; LCrR 45.2.

2

However, because the AEDPA statute of limitations is non-jurisdictional, equitable tolling of the limitations period may apply in appropriate § 2255 cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015). But the doctrine is properly "used sparingly[,]" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A petition may be equitably tolled only if the petitioner demonstrates *both* that "he has pursued his rights diligently" *and* that "some extraordinary circumstance prevented timely filing." *Id.* The Court evaluates an equitable tolling request under this two-part framework. *Hall v. Warden*, 662 F.3d 745, 749–50 (6th Cir. 2011).

Marshall argues that equitable tolling should apply in this case because (1) he was unaware of the § 2255 remedy and the limitation period pertaining to it; and (2) the COVID-19 pandemic and related lockdown at Marshall's detention facility prevented him from timely filing a § 2255 motion. [DE 58]. Neither circumstance, however, warrants tolling of the § 2255 filing deadline in this case. First, critically, courts have repeatedly held that "[i]gnorance of the limitations period does not toll the limitations period" for filing a timely § 2255 motion. *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (emphasizing that courts "have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Coleman v. United States*, No. 3:15-CR-00075-2, 2021 WL 817652, at *3 (M.D. Tenn. Mar. 3, 2021) (observing that "[i]gnorance of a legal basis for relief does not toll § 2255['s]" limitation period). Accordingly, Marshall's assertion that he was unaware of his ability to file a § 2255 motion or the time period within which to do so does not justify equitable tolling.

3

Second, Marshall's vague and generalized contention that COVID-19 prevented a timely filing likewise fails to justify equitable tolling. Notably, more than five months passed between the finality of Marshall's Judgment in late September 2019 and the beginning of the pandemic in March 2020. Marshall could have timely filed a § 2255 motion at any time during that period, and he does not argue that any circumstance prevented him from doing so. Further, Marshall was able to file and brief two separate motions for compassionate release during the pandemic, between November 2020 and February 2021. [DE 44, 50]. Though not filed during Marshall's timely § 2255 motion filing window, the compassionate release motions prepared and submitted shortly after the § 2255 limitation period's expiration, and still during the COVID-19 pandemic, undermine his conclusory contention that the pandemic precluded him from filing a § 2255 motion before the September 27, 2020 deadline.

Some courts have indeed recognized that the COVID-19 pandemic may lead to an extraordinary circumstance warranting tolling. *See United States v. Smith*, No. 18-17, 2020 WL 4016242, at *2 (D. Md. July 16, 2020) (acknowledging in the abstract that "[t]he COVID-19 pandemic may very well qualify as an 'extraordinary' circumstance that warrants equitable tolling for the purposes of § 2255" but declining to analyze the issue because the at-issue petition was not actually tardy); *see also Taylor v. Valentine*, No. 5:20-CV-00139-TBR, 2021 WL 864145, at *2 (W.D. Ky. Mar. 8, 2021) (noting *Smith*'s general statement but finding it inapplicable because, among other reasons, the "vast majority" of the limitations period in that particular case had expired pre-COVID). However, a petitioner seeking tolling on such a basis still must demonstrate fact-specific circumstances related to the pandemic that hindered his ability to timely file a § 2255 motion. *See Chapman-Sexton v. United States*, No. 2:16-CR-00141(1), 2021 WL 292027, at *3 (S.D. Ohio Jan. 28, 2021), *report and recommendation adopted*, No. 2:16-CR-00141(1), 2021 WL

982718 (S.D. Ohio Mar. 16, 2021) (observing the court's prior recognition that COVID-19 presented an "extraordinary circumstance" generally but concluding that it did not in that particular case because the petitioner inadequately explained why COVID-19 prevented him from timely filing his petition).

Here, Marshall simply asserts that the pandemic prevented him from accessing his legal materials and the law library because his facility was on lockdown. However, he does not assert that he could not have obtained a § 2255 form or filed a basic motion identifying the facts he believes warrant collateral relief during lockdown—even if such a motion required later supplementation or additional legal argumentation through briefing, once Marshall regained access to legal materials. Importantly, "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition[.]" *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017). Accordingly, Marshall does not cite any fact-specific circumstances related to the pandemic that prevented him from timely filing a § 2255 motion, beyond a general lack of access to legal resources. This does not warrant equitable tolling.

Ultimately, Marshall had approximately five months to file a timely § 2255 motion before the pandemic even began, and apt case law firmly forecloses his argument that ignorance of the remedy or its time limitation excuses his failure to file within that period. Nor does the COVID-19 pandemic or Marshall's asserted lack of access to legal resources excuse his failure to file a timely § 2255 motion within the subsequent seven months. It is the petitioner's burden to demonstrate entitlement to equitable tolling, and Marshall has not done so on this record.

Accordingly, having provided "fair notice" of the petition's timing deficiencies and having permitted both sides an opportunity to respond on the issue, the Court recommends dismissal of Marshall's § 2255 motion as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

### III.   CONCLUSION

For the reasons here discussed, the Court **RECOMMENDS** that the District Judge **DENY** Marshall's pending § 2255 motion [DE 55] as time-barred. The Clerk **SHALL** serve a copy of this Report and Recommendation on Marshall.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, **within fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.

Entered this the 5th day of August, 2021.



Signed By:
Matthew A. Stinnett   MAS
United States Magistrate Judge